1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSANA BURGOS,

           Plaintiff,

    v.

CITIBANK, N.A.,

           Defendant.

Case No. 23-cv-01907-AMO

**ORDER RE MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 32

      In this proposed wage and hour class action, Defendant Citibank, N.A. moves to compel Plaintiff Susana Burgos's individual claims to arbitration and seeks to strike or dismiss the putative class claims. Burgos opposes the motion, which is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties' papers, the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion for the reasons set forth below.

I.      **BACKGROUND**

     A.     **Factual background**

      Burgos worked for Citibank from September 2010 to June 1, 2021. ECF 33 ¶ 4. In connection with her employment at Citibank, Burgos signed a number of documents. *Id.* ¶¶ 5-6, 7. On September 1, 2010, Burgos signed an employment offer letter. ECF 33 ¶ 5; ECF 33-1. On September 8, 2010, December 15, 2010, January 5, 2013, May 27, 2015, and February 24, 2017, Burgos acknowledged receipt of different updates to Citibank's employee handbook, which

///

contained an "Employment Arbitration Policy" (the "Policy").  ECF 33 ¶¶ 7-8; ECF 33-3.  The
2017 acknowledgement, provides, in part:

> I UNDERSTAND THAT THE EMPLOYMENT ARBITRATION POLICY, WHICH IS A
> STANDALONE AGREEMENT CONTAINED IN APPENDIX A, IS A BINDING AGREEMENT
> BETWEEN CITI AND ME. I UNDERSTAND THAT, EXCEPT FOR THE EMPLOYMENT
> ARBITRATION POLICY, NOTHING CONTAINED IN THIS HANDBOOK, NOR THE
> HANDBOOK ITSELF, IS CONSIDERED A CONTRACT OF EMPLOYMENT. IN ADDITION,
> NOTHING IN THIS HANDBOOK CONSTITUTES A GUARANTEE THAT MY EMPLOYMENT
> WILL CONTINUE FOR ANY SPECIFIED PERIOD OF TIME. I UNDERSTAND THAT,
> SUBJECT TO THE EMPLOYMENT TERMINATION NOTICE AND NONSOLICITATION
> POLICY ("GARDEN LEAVE"), WHERE APPLICABLE, MY EMPLOYMENT WITH CITI IS AT-
> WILL, WHICH MEANS IT CAN BE TERMINATED BY ME OR CITI AT ANYTIME, WITH OR
> WITHOUT NOTICE, FOR NO REASON OR ANY REASON NOT OTHERWISE PROHIBITED
> BY LAW.
>
> I understand that appended to this Handbook is an Employment Arbitration Policy as well as the
> "Principles of Employment" that require me and Citi to submit employment-related disputes to
> binding arbitration (see Appendix A and Appendix D). I understand that it's my obligation to read
> these documents carefully. I also understand that no provision in this Handbook or elsewhere is
> intended to constitute a waiver, nor be construed to constitute a waiver, of my or Citi's right to
> compel arbitration of employment-related disputes.

ECF 33-3 at 2.

The 2017 version of the employee handbook provides, in part:



## Arbitration

This Handbook contains a policy that requires you and Citi to submit employment-related disputes to binding arbitration (see Appendix A). Please read it carefully.

No provision in this Handbook or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of Citi's right or your right to compel arbitration of employment-related disputes.

ECF ¶ 9; ECF 33-4 at 8.

///

///

///

///

///

///

///

///

United States District Court
Northern District of California

The Appendix A referenced in the employee handbook is the Employment Arbitration Policy. ECF ¶ 11; ECF 33-6. The text under the heading "Scope of Policy" reads:

> This Policy applies to both you and to Citi, and makes arbitration the required and exclusive forum for the resolution of all employment-related disputes (other than disputes which by federal law are precluded from arbitration) between you and Citi (including Citi's predecessors, successors and assigns, its current and former parents, subsidiaries and affiliates and its and their current and former officers, directors, employees and agents) which are based on legally protected rights (i.e., statutory, regulatory, contractual or common-law rights), including disputes based on legally protected rights that are submitted to but aren't resolved by the Dispute Resolution Procedure. Therefore, you are waiving your right to bring your disputes in court or to have your disputes heard by a jury. This Policy applies to both existing and future disputes, including any disputes based on conduct that occurred before this Policy. Subject to the remainder of this Section, these disputes include, without limitation, claims, demands or actions under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, and all amendments thereto, and any other federal, state or local statute, regulation or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation, or any claims arising under or related to the Citigroup Separation Pay Plan.

ECF 33-6 at 2.

///

///

///

///

///

///

///

///

///

United States District Court
Northern District of California

United States District Court
Northern District of California

The Policy also contains a class action waiver provision, which reads:

> Claims covered under this Policy must be brought and adjudicated on an individual basis. Neither you nor Citi may submit or maintain a class, collective or representative action for resolution under this Policy or in any forum.
>
> To the maximum extent permitted by law, and except where expressly prohibited by law, arbitration on an individual basis pursuant to this Policy is the exclusive remedy for any employment-related claims which might otherwise be brought on a class, collective or representative action basis. Accordingly, you may not participate as a class or collective action representative or as a member of any class, collective or representative action, and will not be entitled to any recovery from a class, collective or representative action in any forum. Any disputes concerning the validity of this class, collective and representative action waiver will be decided by a court of competent jurisdiction, not by the arbitrator.
>
> To the extent any dispute between you and Citi is not subject to arbitration for any reason, the class, collective and representative action waiver set forth in this Policy still applies.
>
> In the event this class, collective or representative action waiver is found to be unenforceable with respect to any claim, then any such claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for all such claims.

ECF 33-6 at 3.  The Policy is "governed by the Federal Arbitration Act (Title 9 U.S.C.) ('FAA')." *Id.* at 6.  It specifies that arbitration is to be conducted "under the auspices of . . . the American Arbitration Association ('AAA') . . . ." and "pursuant to the Employment Arbitration Rules and Mediation Procedures of the AAA[,]" which "can be found at **www.adr.org/employment**."  *Id.* at 2, 4 (bold in original).

Burgos's employment with Citibank ended on June 1, 2021.  ECF 33 ¶ 4.  On May 26, 2022, she served an arbitration demand, asserting individual claims for violations of state wage and hour laws and a derivative claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  ECF 34 ¶ 2; ECF 34-1 at 5, 7-26.  The AAA received the demand on May 31, 2022.  ECF 34-1 at 2.  It acknowledged receipt via letter dated June 10, 2022.  ECF 34 ¶ 3; ECF 34-2.  The letter contained a reminder about the required filing fee: "As this arbitration is

United States District Court
Northern District of California

subject to California Code of Civil Procedure [§§] 1281.97 and 1281.98,[1] payment must be received by July 8, 2022 or the AAA will close the parties' case.  The AAA will not grant any extensions to this payment deadline."  ECF 34-2 at 2.  On June 14, 2022, outside counsel paid the filing fee on Citibank's behalf.  ECF 34 ¶ 4.

On July 18, 2022, the AAA appointed an arbitrator.  ECF 34 ¶ 4; ECF 34-3 at 2.  On September 6, 2022, the AAA sent the parties' counsel an invoice for the $750.00 case management fee.  ECF 34 ¶ 5; ECF 34-4 at 2.  The cover email states, "[i]n accordance with SB762[2] payment is due upon receipt and no later than 30 days from the date of the invoice."  ECF 34-4 at 2.  Citibank's outside counsel forwarded the invoice to Citibank for processing, and Citibank paid the fee on October 14, 2022.³  *Id.*  On December 22, 2022, the AAA sent counsel an invoice for an arbitrator's compensation deposit in the amount of $13,365.00 (the "December 22 Invoice").  ECF 34 ¶ 8; 34-7 at 2.  The cover email stated that "[a]s these arbitrations [*sic*] are subject to California Code of Civil Procedure [§] 1281.97, payment is due upon receipt and must be received no later than 30 days from the date of the invoice.  Pursuant to California Code of

---

[1] "Sections 1281.97 and 1281.98 . . . contain parallel provisions.  They primarily differ in that the former applies prior to commencement of arbitration and the latter applies during pendency of arbitration."  *Miller v. Plex, Inc.*, No. 22-CV-05015-SVK, 2024 WL 348820, at *4 (N.D. Cal. Jan. 30, 2024) (citing *De Leon v. Juanita's Foods*, 85 Cal. App. 5th 740, 750 (2022)).  Section 1281.98 specifically provides:

> In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach.

Cal. Civ. Proc. Code § 1281.98(a)(1).

[2] The bill "add[ed] Section 1657.1 to the Civil Code, and . . . amend[ed] Sections 1281.97 and 1281.98 of the Code of Civil Procedure, relating to contracts."  2021 CA S.B. 762.

³ Under the Employment Arbitration Policy, Citi is responsible for paying filing, hearing, and arbitrator fees.  ECF 33-6 at 6.

United States District Court
Northern District of California

1    Civil Procedure [§] 1281.97, the AAA cannot grant any extensions . . . ."  ECF 34 ¶ 8; 34-7 at 2.

2    Citibank's outside counsel forwarded the invoice to Citibank.  *Id.*  Due to unspecified "difficulty

3    processing the invoice[,]" outside counsel's office wired the amount due to the AAA on January

4    26, 2023.[4]  *Id.*

5           On January 30, 2023, the AAA sent the parties an email indicating that it received payment

6    for the invoice on January 27, 2023.  ECF 34 ¶ 9; ECF 34-8 at 2.  The email stated "[a]s this

7    matter is subject to the California Code of Civil Procedure, we have an obligation to inform

8    [Burgos's] counsel of the delayed payment."  ECF 34-8 at 2.  The AAA asked if Burgos would

9    agree to extend the deadline for the delayed payment and requested a response by February 2,

10   2023.  *Id.*

11          On January 31, 2023, Burgos objected to the delayed payment.  ECF 34 ¶ 10; ECF 34-9 at

12   2.  On February 3, 2023, Burgos requested to withdraw from the arbitration.  ECF ¶ 11.  The AAA

13   closed the matter pursuant to California Code of Civil Procedure § 1281.98 and issued a letter

14   closing the case the same day.  ECF 34 ¶ 11; ECF 34-10 at 2.

15          **B.     Procedural background**

16          On the day the AAA closed the arbitration matter, Burgos commenced this putative class

17   action in San Mateo Superior Court, asserting state law wage and hour claims and a derivative

18   claim under the UCL.  ECF 1 at 20-63; ECF 34-10 at 2.  On April 20, 2023, Citibank removed the

19   case to this Court.  *Id.* at 1-17.  Burgos moved to remand the case to state court on May 19, 2023.

20   ECF 15.  The Court denied the motion on August 28, 2023.  ECF 26.

21          On September 29, 2023, Citibank filed its motion to compel Burgos to arbitrate her

22   individual claims and strike or dismiss her putative class claims.  ECF 32.  Burgos filed her

23   opposition to the motion on October 27, 2023.  ECF 47.  Citibank filed its reply on November 17,

24

25   _____

26   [4] Burgos asserts that the due date was January 21, 2023, which falls on a Saturday.  ECF 47 at 8.
     Citibank does not appear to dispute that due date.  *See generally* ECF 32, 50.  The precise date,
27   however, is immaterial to the disposition of this motion given Burgos's theory of material breach
     and waiver, discussed below.  Accordingly, the rulings set forth in this order are limited to the
28   specific facts presented and the arguments advanced by counsel in this case.

1    2023.[5]  ECF 50.

2    **II.    DISCUSSION**

3            Resolution of the instant motion turns on three principal issues.  First, whether the FAA

4    preempts California Code of Civil Procedure § 1281.98.  Second, whether Section 1281.98 applies

5    notwithstanding being preempted.  Third, whether Burgos may proceed with her claims on a class,

6    rather than an individual, basis.  The Court addresses each in turn.

7            **A.        Whether the FAA preempts California Code of Civil Procedure § 1281.98.**

8            The FAA "requires courts to place arbitration agreements on equal footing with all other

9    contracts."  *Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246, 248 (2017) (internal

10   quotations and citation omitted).  Under this "equal-treatment principle[,] [a] court may invalidate

11   an arbitration agreement based on 'generally applicable contract defenses' like fraud or

12   unconscionability, but not on legal rules that 'apply only to arbitration or that derive their meaning

13   from the fact that an agreement to arbitrate is at issue.' "  *Kindred Nursing*, 581 U.S. at 251

14   (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)); *see also Chamber of*

15   *Com. of the United States of Am. v. Bonta*, 62 F.4th 473, 483 (9th Cir. 2023).  A state law that

16   purports to be " ' generally applicable,' " is preempted if it " 'interferes with fundamental

17   attributes of arbitration,' . . . or has a 'disproportionate impact on arbitration[.]' "  *Bonta*, 62 F.4th

18   at 483 (quoting *Concepcion*, 563 U.S. at 343-44; *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d

19   1151, 1159 (9th Cir. 2013)).

20           Burgos argues that she should not be required to arbitrate her claims because Citibank

21   failed to timely pay the December 22 Invoice, thereby materially breaching the Employment

22   Arbitration Policy and waiving its arbitration rights, pursuant to California Code of Civil

23   Procedure § 1281.  ECF 47 at 9-14.  Under the statute, if the drafting party is responsible for

24   paying "fees or costs required to continue the arbitration proceeding" and fails to do so "within 30

25   days after the due date, the drafting party is in material breach of the arbitration agreement, is in

26

27   _____

28   [5] With its reply, Citibank filed a request for judicial notice.  ECF 50-1.  The Court has not
     considered any of the materials subject to that request in deciding this motion.  Accordingly, the
     request is **DENIED AS MOOT**.

United States District Court
Northern District of California

default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach."  Cal. Civ. Proc. Code § 1281.98(a)(1).  "Waiver and breach are, of course, background principles of contract law."  *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745, 756-57 (N.D. Cal. 2022).  However, Burgos has advanced no argument, or made any showing, that Citibank's delayed payment constitutes waiver and breach under those background principles.  *See generally* ECF 47.  To the contrary, Burgos's arguments about waiver and breach rely solely on the California Legislature's call for strict compliance with Section 1281.98, pursuant to which "[a]ny untimely payment constitute[s] a material breach regardless of the circumstances or status of the arbitration proceedings."  *Doe v. Superior Ct.*, 95 Cal. App. 5th 346, 357 (2023), as modified (Sept. 28, 2023); *see also* Espinoza *v. Superior Ct.*, 83 Cal. App. 5th 761, 776 (2022) (stating that "[u]nder the plain language of [Section 1281.97] . . . the triggering event is nothing more than nonpayment of fees within the 30-day period – the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party.  The plain language therefore indicates the Legislature intended the statute to be strictly applied whenever a drafting party failed to pay by the statutory deadline."); *Gallo v. Wood Ranch USA, Inc.*, 81 Cal. App. 5th 621, 644 (2022) ("The California Legislature had a good reason for declaring untimely payment a material breach as a matter of law rather than leaving materiality a question of fact in this context[.]").

        The California law on which Burgos relies marks a clear departure from ordinary principles of waiver and breach when applied to arbitration proceedings, which, in the non-arbitration context, "are traditionally fact-specific inquiries rather than bright-line rules."  *See Belyea*, 637 F. Supp. 3d at 757.  Burgos's insistence on a finding of waiver and breach on nothing more than mere non-payment of fees within the 30-day statutory period illustrates that Section 1281.98 modifies ordinary contract principles in a manner uniquely applicable in the arbitration context.  *See Belyea*, 637 F. Supp. 3d at 756 (reading Section 1281.97 as "mak[ing] arbitration provisions unenforceable on arbitration specific grounds").  Because of this, the statute violates the equal-treatment principle.  *See id.*

United States District Court
Northern District of California

8

1    Accordingly, in line with other courts in this district, this Court finds that Section 1281.98

2    is preempted.  *See Belyea*, 637 F. Supp. 3d at 756 (concluding that Section 1281.98's companion

3    statute, Section 1281.97, was preempted because it violated the equal-treatment principle); *Lee v.*

4    *Citigroup Corp. Holdings, Inc.*, No. 22-CV-02718-SK, 2023 WL 6132959, at *2 (N.D. Cal. Aug.

5    29, 2023) ("*Lee I*") (stating "that the reasoning of *Belyea* is correct, especially given the analysis

6    under the more recent guidance from the Supreme Court in *Viking River Cruises.*"); *Miller*, 2024

7    WL 348820, at *4 (finding FAA preemption because Section 1281.98 conflicted with the FAA

8    such that compliance with both state and federal requirements was not possible).

9          **B.    Whether Section 1281.98 applies notwithstanding being preempted.**

10    Burgos attempts to sidestep a finding of preemption by arguing that the Employment

11   Arbitration Rules and Mediation Procedures referenced in the Employment Arbitration Policy

12   incorporated Section 1281.98 and the statute is nonetheless enforceable for that reason.  ECF 47 at

13   14-16.  This argument fails.

14    Even if Burgos's reading of these rules and procedures were correct, as Citibank points

15   out, "state law is *nullified* to the extent that it actually conflicts with federal law."  *See Murphy v.*

16   *DirecTV, Inc.*, 724 F.3d 1218, 1226-27 (9th Cir. 2013) (rejecting the argument "that when a party

17   to a contract promises to follow the substance of state law, it is bound to do so even if federal law

18   would otherwise preempt it.").  Thus, even if Section 1281.98 had been incorporated into the

19   Policy as Burgos contends, it would nonetheless yield to the FAA.

20    The pair of decisions from *Lee v. Citigroup Corp. Holdings, Inc.*, on which Burgos relies,

21   do not mandate a different result.  In that case, the defendant failed to pay its portion of arbitration

22   fees until six days after the deadline.  *Lee I*, 2023 WL 6132959, at *2.  One of the AAA's multiple

23   reminder notices informed the parties that under "California Code of Civil Procedure Section[]

24   1281.97 . . . , the AAA could not grant extensions of the payment deadline and that it would close

25   the case if fees were not paid on time."  *Id.*  Finding that the AAA's adoption of Sections 1281.97

26   could affect the outcome of the case regardless of whether the statute was preempted, the court

27   requested supplemental briefing on "whether AAA's 30-day payment policy [wa]s binding on

28   parties independently of Cal. Code Civ. Proc. 1281.97."  *Id.* at *3.  After receiving that

9

1  supplemental briefing, that court found that the AAA properly terminated arbitration proceedings,

2  and that the defendant waived its right to compel arbitration because it "failed to timely pay its

3  filing fee in a timely manner, despite receiving a reminder from the AAA regarding this fee and

4  receiving notice by the AAA that failure to pay would result in termination of the proceedings."

5  *Lee v. Citigroup Corp. Holdings, Inc.*, 691 F. Supp. 3d 1157, 1162 (N.D. Cal. 2023) ("*Lee II*").

6  That court rejected the defendant's argument that "because the AAA's 30-day policy was

7  premised on a preempted statute," Section 1281.97 could not support the AAA's termination of

8  the arbitration.  *Id.* at 1161.

9         Although the *Lee* court found an independent basis to enforce Section 1281.97, *see id.*,

10  here, Citibank has provided authority precluding the Court from reading the parties' agreement to

11  arbitrate as incorporating a state statute that must yield to federal law.  *See Murphy*, 724 F.3d at

12  1226 (finding "nonsensical" the "contention that the parties intended for state law to govern the

13  enforceability of [the] arbitration clause, even if the state law in question contravened federal

14  law") (footnote omitted).[6]  This Court, then, cannot find an independent basis to enforce Section

15  1281.98 because of any purported incorporation.  Because the statute is preempted, its

16  incorporation into the Employment Arbitration Policy, as Burgos suggests, would be of no force

17  or effect.

18         Accordingly, on the specific facts and arguments presented here, the Court finds that

19  Section 1281.98 is not a basis on which Burgos can establish material breach or waiver by

20  Citibank.  Burgos must therefore arbitrate her claims as contemplated by the parties' agreement.

21         **C.      Whether Burgos must proceed on an individual, rather than a class, basis.**

22         Both sides' arguments on this issue are cursory.  Citibank asserts, without citation to any

23  caselaw, that the class action waiver is enforceable and requires Burgos to proceed with her claims

24  on an individual basis only.  *See* ECF 32 at 22; ECF at 50 at 19.  Burgos counters that she

25  "properly brought a class action because, due to Defendant's own actions, Defendant waived the

26  right to enforce the arbitration agreement and, therefore, there is no applicable class action

27

28  _____
   [6] *Lee* did not address *Murphy*.

United States District Court
Northern District of California

waiver."  ECF 47 at 27; *see also id.* at 7 ("As Defendant has waived the right to enforce the arbitration agreement, Plaintiff is now permitted to bring her individual claims, as well as the claims of the putative class members, in this Court and Defendant has failed to provide any case law to the contrary.").  So phrased, Burgos's argument about the viability of her proposed class claims is entirely dependent on a finding of breach and waiver.  Because the Court has made no such finding due to the preemption issues discussed above, Burgos's arguments about her class claims must fail.

## III.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Citibank's motion to compel arbitration and **DISMISSES** the putative class claims.  This action is **STAYED** pending arbitration of Burgos's individual claims.  *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).  The parties shall file a joint report advising the Court of the status of the arbitration proceedings every 120 days until they jointly inform the Court that this matter can be closed and removed from the docket.

**IT IS SO ORDERED.**

Dated: August 16, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

11